

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

August 5, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-648

Re: Taxable status of certain
types of stock transfers
to and from "custodians."

Dear Mr. Sheppard:

You request our opinion as to whether the stock trans-
fer tax levied under Article 15 of H. B. No. 8, 47th Legislature, as
amended by S. B. 141, 50th Legislature, would accrue in the follow-
ing types of transfers:

"1. From the name of an owner to the name of
a nominee of a custodian.

"2. From the name of a nominee of a custodian
back to the name of the owner for whom the
nominee had held the shares.

"3. From the name of one nominee of a custo-
dian to the name of another nominee of the
same custodian.

"4. From the name of a nominee of a custodian
to the name of a nominee of a new custodian
for the same owner."

The Texas Stock Transfer Tax Act is codified as Arti-
cle 7047m and reads, in part, as follows:

"Section 1. There is hereby imposed and levied
a tax as hereinafter provided on all sales; agreements
to sell; or memoranda of sales; and all deliveries or
transfers of shares; or certificates of stock; or cer-
tificates for rights to stock; or certificates of deposit
representing an interest in or representing certificates
made taxable under this section in any domestic or for-
eign association, company, or corporation; or certifi-
cates of interest in any business conducted by trustee
or trustees made after the effective date hereof, wheth-
er made upon or shown by the books of the association,
company, corporation, or trustee, or by any assignment

in blank or by any delivery of any papers or agreement or memorandum or other evidence of sale or transfer or order for or agreement to buy, whether intermediate or final, and whether investing the holder with the beneficial interest in or legal title to such stock or other certificate taxable hereunder, or with the possession or use thereof for any purpose, or to secure the future payment of money or the future transfer of any such stock, or certificate, on each hundred dollars of face value or fraction thereof, Three (3) Cents; except in cases where the shares or certificates are issued without designated monetary value, in which case the tax shall be at the rate of Three (3) Cents for each and every share.. . . It is not intended by this Article to impose a tax upon an agreement evidencing the deposit of certificates as collateral security for money loaned thereon, which certificates are not actually sold, nor upon such certificates so deposited, nor upon transfers of such certificates to the lender or to a nominee of the lender or from one nominee of the lender to another, provided the same continue to be held by such lender or nominee or nominees as collateral security as aforesaid; nor upon the retransfer of such certificates to the borrower; nor upon transfers of certificates from a fiduciary to a nominee of such fiduciary, or from one nominee of such fiduciary to another, provided the same continue to be held by such nominee or nominees for the same purpose for which they would be held if retained by such fiduciary, or from the nominee to such fiduciary; nor upon mere loans of stock or certificates, or the return thereof; nor upon deliveries or transfers to a broker for sale; nor upon deliveries or transfer by a broker to a customer for whom and upon whose order he has purchased the same, but transfers to the lender, or to a nominee or nominees as aforesaid, or retransfers to the borrower or fiduciary; and deliveries or transfers to a broker for sale, or by a broker to a customer for whom and upon whose order he has purchased the same shall be accompanied by a certificate setting forth the fact; nor upon transfers or deliveries made pursuant to an order of the Federal Securities and Exchange Commission which specifies and itemizes the securities ordered by it to be delivered or transferred (provided that this exemption shall not apply to such transfers or deliveries made before the passage of this Act); nor upon record transfers following such

transfers or deliveries; nor in respect to shares
or certificates of stock or certificates of rights
to stocks, or certificates of deposit representing
certificates of the character taxed by this Article,
in any domestic association, company, or corpora-
tion, if neither the sale, nor the order for, nor a-
greement to buy, nor the agreement to sell, nor
the memorandum of sale, nor the delivery is made
in this state and when no act necessary to effect
the sale or transfer is done in this state.. . ."

Construing the entire act as a whole, it seems clear
to us that a tax is not imposed upon a transfer which does not in-
volve a change of title or ownership, either legal or equitable.
This taxing act is similar to the stock transfer tax acts of New
York and Pennsylvania. Both the New York and Pennsylvania
acts have been construed to impose a tax only on those transfers
which involve a change of title, either legal or equitable. In prior
Opinion No. 0-3765 of this office we held:

"We therefore submit that a taxable trans-
action or eventuality is created, under the Stock
Transfer Tax Act, by either a 'sale, agreement to
sell, delivery or transfer upon the books and rec-
ords, of shares or certificates of stock, or certif-
icates for rights to stock, or certificates of depos-
it representing an interest in stock, whether vest-
ing in the transferee merely the legal title, or
merely the equitable title or beneficial interest, or,
as in the usual instance, both the legal and equitable
right, title and interest."

"A 'nominee' is synonymous with an agent . . .
and is one who represents and acts for his principal."
B. F. Avery & Sons Co. v. Glenn, 16 F. Supp. 544.

It is therefore our opinion, if neither the legal nor
equitable title is transferred in the four types of transfers in-
quired about by you, and the transferee in each instance continues
to hold the shares or certificates for the same purpose for which
they were held by the transferor, that such transfers are not tax-
able.

## SUMMARY

A transfer of shares or certificates from
the name of an owner to the name of a custodian,
or from the name of an owner to the name of a nom-
inee of a custodian, or from the name of a nominee

of a custodian back to the name of the owner for
whom the nominee had held the shares, or from
the name of one nominee of a custodian to the
name of another nominee of the same custodian,
or from the name of a nominee of a custodian to
the name of a nominee of a new custodian for the
same owner is not taxable under the Texas Stock
Transfer Tax Act, if neither the legal nor equitable
title is transferred and the transferee in each in-
stance continues to hold the shares or certificates
for the same purpose for which they were held by
the transferor.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          *W. V. Geppert*

W. V. Geppert
Assistant

WVG/JCP

APPROVED

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL